IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHNS MANVILLE, on behalf of itself and all others similarly situated,** ) ) ) | |
| **PLAINTIFFS,** ) ) | |
| VS. ) ) | **CV-99-HS-2294-S** |
| **TENNESSEE VALLEY AUTHORITY,** ) ) ) | |
| **DEFENDANT.** ) | |

**MEMORANDUM OF DECISION AND ORDER**

The court has before it defendant's May 12, 2006 motion (doc. #207) to amend this court's April 18, 2006 order (doc. #204) to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant seeks to certify the following two questions for interlocutory appeal:

(1) Whether TVA is entitled to prove its affirmative defenses of waiver, estoppel, and voluntary payment at a trial, whether or not the contract is unambiguous, and

(2) Whether the court should have considered evidence of course of dealing and evidence about the meaning of technical terms and words of art in determining whether or not the contract was ambiguous.

1

## II. Procedural History

Plaintiffs and defendant filed cross-motions for summary judgment in October 2005. On April 18, 2006, the court issued a memorandum opinion and order granting summary judgment for plaintiffs on the issue of liability. On July 31, 2006, after partially treating defendant's motion to certify an interlocutory appeal as a motion for reconsideration, this court issued an amended opinion and order denying both plaintiffs' and defendant's motions for summary judgment.

## III. Standards for Evaluating § 1292(b) Motions

Section 1292(b) states in pertinent part:

> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b).

For the district court to certify an interlocutory appeal pursuant to § 1292(b), the order being appealed (1) must involve a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. McFarlin

v. Conseco Servs., LLC, 381 F.3d 1251, 1256 (11th Cir. 2004).

Controlling questions of law are abstract legal issues that the appellate court "'can decide quickly and cleanly without having to study the record.'" Id. at 1258 (quoting Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000)). They are those questions that involve the meaning of statutes, constitutional provisions, regulations, or common law doctrines and not those that involve "the application of settled law to fact." McFarlin, 381 F.3d at 1258. Under § 1292(b), controlling questions of law are not those "the decision of which requires rooting through the record in search of the facts or genuine issues of fact." Id. Questions of law as to which there is substantial ground for difference of opinion are those in which the Eleventh Circuit is not in "complete and unequivocal" agreement with the district court. Id. In other words, they cannot be well-settled issues. Finally, the third requirement – that resolution of the question may materially advance the ultimate termination of the litigation – means that the appellate court's immediately addressing the controlling question of law "would serve to avoid a trial or otherwise substantially shorten the litigation." Id. at 1259.

### III. Analysis

As an initial matter, the court holds that the first question defendant seeks to certify for interlocutory appeal is moot in light of the court's July 31, 2006

amended memorandum opinion and order, which reconsidered defendant's affirmative defenses and denied summary judgment to plaintiffs (and defendant). Because the amended memorandum opinion and order change the outcome of this case, necessitating a trial on both liability and damages, the court need not address the second question. However, to make the court's position clear for purposes of the trial, it will analyze this question anyway.

The court finds that the second question – whether the court should have considered evidence of course of dealing and evidence about the meaning of technical terms and words of art in determining whether or not the contract was ambiguous – does not meet the requirements for certifying an interlocutory appeal under 28 U.S.C. § 1292(b). It does not involve a controlling question of law as to which there is ground for substantial difference of opinion. Eleventh Circuit law is well-settled in this area. The court need only consider evidence of course of dealing and usage of trade once it finds, as a matter of law, that the contract is ambiguous. Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1290 (11th Cir. 2004) ("Where the plain meaning of an agreement is clear, we may not go beyond the four corners of the document to look for additional evidence of the drafters' intentions."); Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1261-62 (11th Cir. 2003) (recognizing the general rule that extrinsic evidence is

inadmissible in interpreting a contract absent ambiguity with the exception of cases governed by the Uniform Commercial Code); Monahan v. C.I.R., 321 F.3d 1063, 1068 (11th Cir. 2003) ("If the agreement is found to be free of ambiguity, its meaning can be declared by the court without the use of extrinsic evidence.")

In this case, the court found that the contract term was not ambiguous because it was susceptible to only one reasonable interpretation. Thus, the court found neither a patent nor a latent ambiguity. Further, the court's determination that there was no latent ambiguity, which, as defendant notes, is a concept recognized under Alabama law, required the application of law to facts because the court necessarily considered extrinsic evidence in deciding whether a latent ambiguity existed. See, e.g., Dudley v. Fridge, 443 So. 2d 1207, 1212 (Ala. 1983) (evidence did not establish a latent ambiguity). The court simply decided in this case that there was no ambiguity – latent or otherwise. This question would be inappropriate for resolution under § 1292(b) because determining whether a latent ambiguity exists would require the appellate court to "root through the record" and apply settled law to facts. The third factor – whether certifying this question might materially advance the termination of the litigation – is a moot point since there will now be a trial on both liability and damages.

For the reasons stated above, the motion to certify an interlocutory appeal is

**MOOT** as to question (1) and **DENIED** as to question (2).

**DONE** this 31st day of July, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge